IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN D. BEEM, )
)
)
        **Plaintiff,** )
)
v. )
)   Case No. 10-3012-CM
)
STATE OF KANSAS, et al., )
)
        **Defendants.** )
)

## MEMORANDUM AND ORDER

Plaintiff Steven D. Beem, a prisoner at the Lansing Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"). Plaintiff claims that defendants—the State of Kansas, the Director of Division of Personnel Services in the Kansas Department of Administration, and seven officials/employees of the Kansas Department of Corrections—violated his First, Eighth, and Fourteenth Amendment rights. Specifically, plaintiff contends that defendants knew of numerous ADA violations at Lansing yet failed to correct them. Plaintiff also contends that some of the defendants retaliated against him for asserting his rights under the ADA. Defendants filed a Motion to Dismiss (Doc. 52), in which they make the following arguments: (1) Defendant State of Kansas has sovereign immunity; (2) the individual defendants are entitled to sovereign immunity for the claims against them in their official capacities; (3) because the individual defendants have only been served in their official capacities, the court must dismiss any claims against them in their individual capacities; (4) plaintiff's claims do not rise to the level of a constitutional violation; and (5) the individual defendants are not liable for any ADA violations in their

-1-

personal capacity or for any event in which they were not personally involved.  For the reasons explained below, the court grants defendants' motion in part and denies it in part.

First, plaintiff concedes two of defendants' arguments.  Plaintiff appears to limit his claims against the individual defendants to claims in their official capacity.  And he agrees that the individual defendants are only personally liable for their own actions.  But plaintiff denies that any defendant is entitled to sovereign immunity and maintains that he has stated constitutional violations.  These questions are intertwined, as the Supreme Court has stated that if a public entity's disability-based discrimination violates the constitution, the entity is not entitled to sovereign immunity and may be held responsible for ADA violations.  *United States v. Georgia*, 546 U.S. 151, 159 (2006).  Defendants suggest that the only question for the court is whether plaintiff's claims constitute constitutional violations.  But the court does not believe that the question is quite that limited.  Title II of the ADA abrogates sovereign immunity not only for constitutional violations, but also "at least some classes of conduct that do not facially violate the Constitution but are prohibited to 'prevent and deter unconstitutional conduct.'"  *Guttman v. Khalsa*, 446 F.3d 1027, 1034 (10th Cir. 2006) (citing *Tennessee v. Lane*, 541 U.S. 509, 518 (2004); *Georgia*, 546 U.S. 151).  In resolving the sovereign immunity question, the court is to consider:

> which aspects of the State's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid.

*Georgia*, 546 U.S. at 159.  Defendants have not addressed these issues, and the court believes that it cannot adequately evaluate them based on the record before it.  The court therefore denies defendants' motion based on sovereign immunity without prejudice.

Finally, because the only claims remaining against the individual defendants are brought against them in their official capacity, the claims are actually claims against the State of Kansas. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") (internal citation omitted). If the State of Kansas is ultimately entitled to sovereign immunity for plaintiff's claims against it, so are the defendants in their official capacities. But the court is not able to make that determination at this time.

**IT IS THEREFORE ORDERED** that defendants' Motion to Dismiss (Doc. 52) is granted in part and denied in part.

Dated this 14th day of November, 2011, at Kansas City, Kansas.

        s/ Carlos Murguia
        **CARLOS MURGUIA**
        **United States District Judge**